UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARISA PAWELKO, d/b/a )
THE MODERN SURREALIST )
    Plaintiff, )
)
v. ) C.A. No. 16-201-JJM-LDA
)
HASBRO, INC. )
    Defendant. )

## ORDER

After reviewing the extensive record, the Magistrate Judge issued a Report and Recommendation (ECF No. 219) that this Court grant in part and deny in part Hasbro's Motion for Summary Judgment. ECF No. 113. He recommends that Counts 2, 3, 5, 6, and 7 be dismissed and that Counts 1 (breach of the nondisclosure agreement) and 4 (misappropriation) go to trial. Before the Court is Defendant Hasbro's partial objection, asking that the Court reject the recommendation denying summary judgment on Counts 1 and 4. ECF No. 221. Plaintiff Marisa Pawelko does not object to the recommendation.[1] Hasbro also objects to the Magistrate Judge's Text Order dated November 19, 2018 about expert opinions and evidence of industry standards. ECF No. 224.

---

[1] Ms. Pawelko does not object to the Magistrate Judge's recommendation that the Court grant summary judgment as to Count 2 (breach of the implied covenant of good faith and fair dealing), Count 3 (breach of implied-in-fact contract), and Count 6 (Federal Defend Trade Secrets Act). She conceded in papers before the Magistrate Judge that the Court should dismiss Count 5 (unfair competition) and acknowledges that Rhode Island law does not support the claim in Count 7 (unjust enrichment) under these circumstances.

*R&R on Motion for Summary Judgment*

After a thorough review of the record, the briefing, and the thoughtful Report and Recommendation from the Magistrate Judge, the Court is convinced that there are disputes over issues of material facts, and how those facts are applied to the law, so that a jury, not this Court, must weigh the evidence and make those determinations. In summary, there is sufficient disagreement about whether Ms. Pawelko's product (Liquid Mosaic) was a protectable trade secret and whether Hasbro violated the nondisclosure agreement. There is a dispute about whether: Liquid Mosaic was generally known to others including Hasbro; Liquid Mosaic was readily ascertainable to others; Liquid Mosaic had independent economic value by remaining secret; Ms. Pawelko disclosed Liquid Mosaic to others; and/or Hasbro breached its contractual obligations.

While summary judgment is a valid mechanism for parties to use to dismiss legally deficient claims, it cannot substitute for a party's right to have their legitimate disputes resolved by a jury.

*Motion to Strike and Exclude Expert Testimony on Industry Standards*

Ms. Pawelko argued in opposition to Hasbro's original motion to strike that the Court should permit her experts, Suzanne Mills-Winkler and Lynn Rosenblum, to testify about industry standards because "Hasbro's breach of the industry standards of confidentiality is circumstantial evidence of its own misappropriation of the [Liquid Mosaic], in violation of the NDA...." ECF No. 157 at 4. The Magistrate Judge agreed with Ms. Pawelko and denied Hasbro's motion, finding that "[t]he industry standard

evidence in dispute may be relevant and admissible at trial on the factual issue of misappropriation." Text Order dated November 19, 2018. Hasbro again challenges the proposed testimony on industry standards governing the confidentiality of inventor submissions. Hasbro claims that the confidentiality guidelines in the nondisclosure agreement (NDA) the parties signed controls the obligations between the parties on the issues of trade secret and misappropriation so any testimony on industry standards of confidentiality is irrelevant.

Because Hasbro's motion to strike is a non-dispositive, pretrial matter and Hasbro has objected to the Magistrate Judge's ruling on its motion as "contrary to law," the Court review is de novo. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

The Court finds the United States Court of Appeals for the Federal Circuit's analysis and conclusion in *Convolve, Inc. v. Compaq Computer Corporation* case persuasive in the outcome of this motion to strike.[2] The Federal Circuit held that

> Trade Secret Misappropriation Claim
>
> * * * [Plaintiff] also pled a separate claim for trade secret misappropriation; [Plaintiff] argues that its failure to comply with the NDA is irrelevant to that tort claim. Instead, [Plaintiff] contends that [state law] controls its misappropriation claims against [Defendant]. And, because [state law] does not require trade secrets to be disclosed in writing, the NDA does not define the entirety of the parties' relationship.
>
> * * * * *

---

[2] For unknown reasons, no party cited the *Convolve* case in its initial briefing that the Magistrate Judge considered. Hasbro finally included it in its argument to this Court in its objection to the Magistrate Judge's Order.

> ... we have found no [state] case law that "discuss[es] the relationship between [NDAs] and implied duties of confidentiality." [citation omitted] ... the most relevant authority is from the Ninth Circuit (applying Oregon law), that "a written non-disclosure agreement supplants any implied duty of confidentiality that may have existed between the parties."
>
> * * * * *
>
> "The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability." [citation omitted] Common sense leads to the same conclusion. If the parties have contracted the limits of their confidential relationship regarding a particular subject matter, one party should not be able to circumvent its contractual obligations or impose new ones over the other via some implied duty of confidentiality.

*Convolve, Inc. v. Compaq Computer Corp.*, 527 F. App'x 910, 924–925 (Fed. Cir. 2013)

Ms. Pawelko and Hasbro bargained for the rights and obligations in the NDA. The NDA governs the obligations between the parties–not "industry standards" that are not in the NDA. This is true whether Ms. Pawelko is trying to prove her claims for breach of contract or misappropriation. The testimony from experts about standards of confidentiality and misappropriation in the industry is irrelevant to the claims under the NDA. Their testimony on industry standards should be stricken as irrelevant to any issue in dispute.

## CONCLUSION

The Court GRANTS Hasbro's Motion for Summary Judgment (ECF No. 113) on Counts 2, 3, 5, 6, and 7 and DENIES the Motion for Summary Judgment as to Counts 1 and 4.

The Court SUSTAINS Hasbro's Objection (ECF No. 224) to the Text Order dated November 19, 2018, and GRANTS Hasbro's Motion to Strike and Exclude

4

Expert Opinions and Testimony Concerning Alleged Industry Standards of Confidentiality. ECF No. 122.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

January 18, 2019