**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MARISA PAWELKO, D/B/A THE MODERN SURREALIST,<br>*Plaintiff*,<br><br>v.<br><br>HASBRO, INC.,<br>*Defendant*. | C.A. No. 16-201-M |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF MARISA PAWELKO'S NONDISPOSITIVE MOTION NUMBER 2:**

**MOTION TO STRIKE AND EXCLUDE TOM DUSENBERRY'S OPINIONS AND TESTIMONY REGARDING INDUSTRY STANDARDS OF CONFIDENTIALITY**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Marisa Pawelko's ("Pawelko") Nondispositive Motion Number 2: Motion to Strike and Exclude Tom Dusenberry's Opinions and Testimony Regarding Industry Standards of Confidentiality (Doc. 264) (the "Motion").

**INTRODUCTION**

Through her Motion, Pawelko argues that in view of the Court's recent Order granting Hasbro's Motion to Strike and Exclude Expert Opinions and Testimony Concerning Alleged Industry Standards of Confidentiality (Doc. 242) (the "Industry Standards Order"), Hasbro's expert witness, Tom Dusenberry, should be precluded from offering three distinct opinions at trial. Those opinions are: [redacted].[1]

Importantly, Mr. Dusenberry has offered these three opinions in direct response to opinions offered by Pawelko's putative expert, Suzanne Mills-Winkler, and in response to suggestions made by Pawelko's counsel during the examination of certain Hasbro fact witnesses. Although Pawelko (not Hasbro) put each of these matters at issue in this case, Pawelko argues that the import of this Court's Industry Standards Order is that Mr. Dusenberry (and Mr. Dusenberry alone) should be precluded from offering these opinions. Indeed, Pawelko makes no

[1] Each of those opinions was offered by Mr. Dusenberry *before* this Court entered the Industry Standards Order, thus, Pawelko's Motion, while referencing the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), is not a *Daubert* motion or a challenge in any way to Mr. Dusenberry's expertise or methodology.

reference in her Motion to the fact that Mr. Dusenberry's opinions were offered in response to the opinions of her own putative expert and in response to issues her counsel raised through examination of Hasbro's witnesses.

With respect to the first two categories of opinions – opinions regarding [redacted] – if this Court concludes that opinions on those issues are no longer relevant in view of the Court's Industry Standards Order, this Court should strike Ms. Mills-Winkler's opinions *on those very same subjects*, and, in that case, Mr. Dusenberry's rebuttal opinions on those subjects also would be unnecessary. Precluding one party's expert from testifying on those subjects would require the Court to commensurately preclude the other party from testifying on those same subjects. With respect to the third category of opinions – [redacted] – if this Court concludes that under the terms of the parties' Agreement to Hold Confidential ("AHC") (attached hereto as Exhibit 1) Hasbro was permitted to retain archival copies of inventor submissions, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions (including retention of archival copies of Pawelko's submission) was in some way improper and, in that case, Mr. Dusenberry's opinions [redacted] also would be unnecessary. If, however, this Court concludes that the AHC does not address whether Hasbro was permitted to retain archival copies or that the AHC is ambiguous on that issue, this Court should deny Pawelko's Motion as it relates to Mr.

Dusenberry's opinion that, [redacted].

## BACKGROUND

On November 15, 2010, Pawelko signed the AHC as a prerequisite to her submission (the "Liquid Mosaic Submission") to Hasbro. Exhibit 2 (HSB-PAW-0033807-15). The AHC is an agreement that establishes the parties' obligations concerning the confidentiality and use of the Liquid Mosaic Submission. *See* Exhibit 1.

On November 22, 2010, Andrew Jeas, who was then Hasbro's Product Acquisition Manager, and Leigh Anne Cappello, who was then Vice President of the Future Now Group, participated on a conference call with Pawelko regarding her proposed submission (the "Inventor Review Meeting"). Exhibit 3 (Deposition Transcript of Marisa Pawelko ("Pawelko Dep.") at 50-53; Exhibit 4 (HSB-PAW-0143834). On that same day, Mr. Jeas completed an Inventor Review Record form [redacted] Exhibit 5 (HSB-PAW-094223); Exhibit 6 (Deposition Transcript of Andrew Jeas ("Jeas Dep.")) at 65:17 – 66:5. After the call, Pawelko emailed to Mr. Jeas [redacted]. Exhibit 7 (PAW-HSB_0003255-60); Exhibit 8 (HSB-PAW-0034017).

In accordance with the terms of the AHC,[2] Mr. Jeas discussed certain aspects of Pawelko's Liquid Mosaic Submission with certain Hasbro employees to determine the

---

[2] The AHC expressly [redacted] It provides, in relevant part:

> [redacted]

company's interest in her concept. Exhibit 6 (Jeas Dep.) at 98:10-12. Mr. Jeas spoke with Hasbro's chemist, Linwood Doane and Thomas P. Hamilton, a long-time member of the Creative Play group. *Id*. at 97, 117-119. Thereafter, on December 13, 2010, Mr. Jeas presented [redacted] *Id*. at 75, 85, 88.

On December 17, 2010, Mr. Jeas emailed Pawelko regarding her Liquid Mosaic Submission. Mr. Jeas wrote:

> [redacted]

Exhibit 9 (HSB-PAW-0033968). Pawelko responded on December 21, 2010:

> [redacted]

---

[redacted]

Exhibit 1 ¶ 5.

[redacted]

*Id*. ¶ 3.

Exhibit 10 (HSB-PAW-0033950).

Years later, Pawelko commenced this lawsuit. On February 28, 2018, Pawelko disclosed to Hasbro two putative expert witnesses who offer opinions regarding industry standards: Suzanne Mills-Winkler and Lynn Rosenblum.[3] On April 10, 2018, Hasbro disclosed its expert witnesses, including Tom Dusenberry, a toy, game and interactive entertainment consultant. In his expert report, Mr. Dusenberry, *inter alia*, responded directly to certain opinions offered by Ms. Mills-Winkler and Ms. Rosenblum on industry standards.

On June 29, 2018, Hasbro filed its Nondispositive Motion No. 1: Motion to Strike and Exclude Expert Opinions and Testimony Concerning Alleged Industry Standards. Doc. 122. That motion was initially denied by the Magistrate Judge to whom it was referred. The Text Order denying Hasbro's Motion to Strike reasoned that "[t]he industry standard evidence in dispute may be relevant and admissible at trial on the factual issue of misappropriation." Text Order, dated November 19, 2018. On December 17, 2018, Hasbro filed an objection to the Magistrate Judge's Text Order. Doc. 224.

Thereafter, on January 19, 2019, this Court sustained Hasbro's objection and entered the Industry Standards Order in which the Court concluded that "Ms. Pawelko and Hasbro bargained for the rights and obligations [in the parties' Agreement to Hold Confidential (the "NDA")] (Doc. 242). *Id*. at 4. Thus, the Court concluded that "[t]he NDA governs the obligations between the parties – not 'industry standards' that are not in the NDA." *Id*. The Court observed "[t]his is true whether Ms. Pawelko is trying to prove her claims for breach of contract or misappropriation." *Id*. Accordingly, the Court held that "testimony from experts about

---

[3] On April 5, 2018, Pawelko served Amended Expert Reports for both Ms. Mills-Winkler and Ms. Rosenblum on Hasbro.

standards of confidentiality and misappropriation in the industry is irrelevant to the claims under the NDA." *Id*. The Court therefore ruled that "[t]heir testimony on industry standards should be stricken as irrelevant to any issue in dispute." *Id*.

In reliance on the Court's Industry Standards Order, Pawelko asks this Court to conclude that the opinions offered by Hasbro's expert, Mr. Dusenberry, in seven paragraphs of his expert report should be stricken and Mr. Dusenberry should be precluded from testifying as to the matters addressed in those paragraphs. Pawelko's Motion is altogether silent on the effect of this Court's Industry Standards Order on her own putative expert's opinions on the same subjects.

## ARGUMENT

### I. If Mr. Dusenberry's Rebuttal Opinions, Offered in Direct Response to Ms. Mills-Winkler's Opinions, Are Deemed Irrelevant, Ms. Mills-Winkler's Opinions on the Very Same Subjects Also Should be Deemed Irrelevant.

Pawelko asks this Court to exclude two categories of rebuttal opinions that Mr. Dusenberry offered in direct response to Ms. Mills-Winkler's opinions on the same subjects: (1) [redacted] Pawelko argues that, based on this Court's recent Industry Standards Order, Mr. Dusenberry's opinions on those subjects are not relevant. If this Court agrees with Pawelko that, under this Court's Industry Standards Order, opinions on those subjects are not relevant, then this Court should order that Ms. Mills-Winkler's opinions on the very same subjects, to which Mr. Dusenberry offered his opinions in response, should be stricken and that Ms. Mills-Winkler should be prohibited from testifying on those subjects. In that case, Mr. Dusenberry's rebuttal opinions on those subjects would no longer be necessary.

### A. Opinions Regarding [redacted].

In her report, Ms. Mills-Winkler addresses the fact that [redacted] Exhibit 11 (Amended Report of Suzanne Mills-Winkler) ("Mills-Winkler Amend. Rpt.")) ¶¶ 32, 55. Ms. Mills-Winkler opines that [redacted] *Id.* ¶ 32. Ms. Mills-Winkler concludes that [redacted]. *Id.* ¶¶ 32, 55. Ms. Mills-Winkler states in her Amended Report:

> [redacted]

*Id.* ¶ 32. Ms. Mills-Winkler further opines:

> [redacted]

[redacted]

*Id.* ¶ 55.

After receiving Ms. Mills-Winkler's report (and before the Court issued its Industry Standards Order (Doc. 242)), Hasbro disclosed Mr. Dusenberry as an expert witness. Mr. Dusenberry expressly states in his Report that he was retained, *inter alia*, to "review and respond to the report(s) of Ms. Pawelko's expert(s)." Exhibit 12 (Expert Report of Tom Dusenberry) ("Dusenberry Rpt.")) ¶ 13.

In direct response to Ms. Mills-Winkler's opinion [redacted] Mr. Dusenberry offered the following opinion:

[redacted]

*Id.* ¶ 93. Mr. Dusenberry summarized that opinion in his conclusion noting:

[redacted]

*Id.* ¶ 156.

Pawelko has moved to strike those two paragraphs of Mr. Dusenberry's Report and to preclude him from testifying on those issues.

**B. Opinions Regarding [redacted]**

In her Amended Report, Ms. Mills-Winkler addresses [redacted]. Exhibit 11 (Mills-Winkler Amend. Rpt.) ¶ 53 (citing Cappello Dep. at Ex. 31). Ms. Mills-Winkler concludes [redacted]. *Id.* Thus, Ms. Mills-Winkler concludes that, [redacted]. *Id.* Mills-Winkler states in her Amended Report:

> [redacted]

*Id.*

However, Mr. Dusenberry observes in his Report that:

> [redacted].

Exhibit 12 (Dusenberry Rpt.) ¶ 98 (emphasis in original). Then, in direct response to Ms. Mills-Winkler's opinion, Mr. Dusenberry offered the following opinion in his report:

> [redacted]

*Id.* ¶ 102.

Pawelko has moved to strike Paragraph 102 of Mr. Dusenberry's Report and to preclude him from testifying on that issue.

### C. If This Court Concludes that Mr. Dusenberry's Opinions [redacted] Are Not Relevant in View of the Court's Order on Industry Standards, Ms. Mills-Winkler's Opinions on Those Issues Are Equivalently Irrelevant.

Mr. Dusenberry's opinions regarding [redacted] are offered to rebut Ms. Mills-Winkler's opinions on the same matters.

A rebuttal expert opinion is one offered for the purposes of contradicting or rebutting another expert's opinion. *See Calvert v. Ellis,* No. 2:13-cv-00464-APG-NJK, 2014 U.S. Dist. LEXIS 110624, at *5 (D. Nev. Aug. 8, 2014); *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co*., No. 4:05 CV 1934 DDN, 2013 U.S. Dist. LEXIS 127300, at *28, 30 (E.D. Mo. 2013); *see also Krueger v. Wyeth, Inc.*, 2012 U.S. Dist. LEXIS 118987, at *7-8 (S.D. Cal. 2012).

When the court excludes expert testimony on the basis that an issue is not relevant to the case, the exclusion applies to the opinions of both parties' experts on such issues, particularly where one expert has offered the opinion in rebuttal to the opinion of the other. *See Loggerhead Tools, LLC v. Sears Holdings Corp.*, No. 12-cv-9033, 2016 U.S. Dist. LEXIS 127626, at *6

(N.D. Ill. Sep. 20, 2016) (in ruling on plaintiff's motion to exclude testimony of the defendant's rebuttal expert on the issue of willfulness, the court ruled that because the issue was irrelevant, neither the defendant's nor the plaintiff's expert could opine on that issue); *Chen-Oster v. Goldman, Sachs & Co.,* 114 F. Supp. 3d 110, 127 (S.D.N.Y. 2015) (because the court excluded a report in which the defendants' expert expressed opinions about an irrelevant issue in the case, the court also excluded, as irrelevant, the report of the plaintiff's rebuttal expert on that issue, as well); *Freelife Int'l, Inc. v. Am. Educ. Music Publs., Inc.*, No. CV07-2210-PHX-DGC, 2010 U.S. Dist. LEXIS 38411, at *17-18 (D. Ariz. Mar. 25, 2010) (recognizing that the relevancy of a rebuttal witness's testimony necessarily depends on the testimony of the opposing party's expert); *cf. Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings*, C.A. No. 09-1426, 2011 U.S. Dist. LEXIS 112050, at *17 (D. Minn. Sept. 29, 2011) (concluding that because plaintiff's expert's opinion was relevant, the rebuttal opinion of defendant's expert, which criticized plaintiff's expert's opinion, remained relevant and admissible).

For example, in *Loggerhead Tools, LLC*, the plaintiffs moved to exclude the defendants' expert witness's opinion on whether the defendants' conduct was willful. 2016 U.S. Dist. LEXIS 127626 at *5. In doing so, the plaintiffs argued that such an opinion would not assist the trier of fact and, therefore, was not relevant. *Id*. The defendants objected to the plaintiffs' motion on the ground that their expert's opinion was a direct rebuttal to the plaintiffs' own expert witness's opinions on willfulness. *Id.* at *6. In granting the plaintiffs' motion to exclude, the court further ruled that "[n]o expert witness should opine on willfulness." *Id.*

As demonstrated herein, similar to the facts in *Loggerhead Tools, LLC*, each of the opinions that Pawelko seeks to exclude has been offered by Mr. Dusenberry as a direct rebuttal

to Pawelko's own putative experts' opinions on those same subjects. Accordingly, if Mr. Dusenberry is precluded from testifying on those subjects, so too must Ms. Mills-Winkler.

## II. If this Court Concludes that Under the Terms of the AHC, Hasbro Was Permitted to Retain Archival Copies, Mr. Dusenberry's Opinions on Industry Standards Are Unnecessary; if this Court Concludes Otherwise, Mr. Dusenberry's Opinions are Relevant.

Pawelko also seeks to preclude Mr. Dusenberry from offering [redacted]. Mr. Dusenberry has offered those opinions in [redacted]

During the course of this case, Pawelko's counsel examined Hasbro witnesses extensively on Hasbro's practices with respect to storage of archival copies of an inventor's submission. For example, Pawelko's counsel examined Hasbro employee Darlene Horan extensively on Hasbro's practices with respect to inventor submissions:

> Q: Were the electronic records regarding Liquid Mosaic kept in Greenhouse?[4]
>
> A: Yes.
>
> Q: Do those remain there today?
>
> A: Yes.
>
> . . .
>
> Q: And do you have an understanding of a document retention policy at Hasbro?
>
> A: Specifically, no. Like, with inventor things, I keep things for at least 20 years.
>
> . . .

[4] Greenhouse is a database that Hasbro used to log inventor concepts. Exhibit 13 (Horan Dep.) at 13:23-24.

> Q: You said you keep items related to inventors forever, for 20 years?
>
> A: The things that go into my folder, when they are archived offset, they are archived for at least 20 years. The destroy date isn't before 20 years.

Exhibit 13 (Deposition Transcript of Darlene Horan ("Horan Dep.")) at 125, 129-30.

In response to Pawelko's counsel's examination of Hasbro witnesses regarding Hasbro's process for archiving and before this Court issued its Industry Standards Order, Hasbro disclosed Mr. Dusenberry as an expert witness on, *inter alia*, whether Hasbro's process for archiving is consistent with industry standards. Mr. Dusenberry offers the following opinions in his Report:

> [redacted]

Exhibit 12 (Dusenberry Rpt.) ¶ 23.

> [redacted]

*Id.* ¶ 108.

> [redacted]

*Id.* ¶ 109.

> [redacted].

*Id.* ¶ 160. Pawelko has moved to strike those paragraph of Mr. Dusenberry's Report and to preclude him from testifying on that issue.

Importantly, under the terms of the AHC, which is a fully integrated agreement[5] and which this Court has concluded "governs the obligations between the parties – not 'industry standards,'" Industry Standards Order (Doc. 242) at 4, Hasbro was permitted to retain archival copies of inventor submissions. If this Court agrees with Hasbro's interpretation of the AHC, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, Mr. Dusenberry's opinions [redacted] would be unnecessary. If, however, this Court concludes that the AHC does not address whether Hasbro was permitted to retain archival copies or that the AHC is ambiguous on that issue, this Court should deny Pawelko's Motion as it relates to Mr. Dusenberry's opinion that, [redacted]

### A. Under the Terms of the AHC, a Fully Integrated Agreement, [redacted] so Neither Party May Introduce Parol Evidence as to Archival Copies.

Under the terms of the AHC, a fully integrated agreement, Hasbro was permitted to retain archival copies of Pawelko's Liquid Mosaic Submission.

The AHC contemplates and permits [redacted]. First, there is no provision in the AHC that [redacted]

Second, the AHC contemplates that the Liquid Mosaic Submission would not be returned because it specifies that [redacted] After such

[5] Exhibit 1 at § 11.

time, [redacted]. Indeed, Section 13 of the AHC provides:

> [redacted]

Exhibit 1 § 13 (emphasis added).

Implicit in (1) the AHC not [redacted] (2) [redacted] is that Hasbro has the right, under the AHC, to retain Pawelko's submission or, at a minimum, archival copies. Any other interpretation of the AHC would render Section 13 meaningless. Indeed, if, as Pawelko suggests, the AHC required Hasbro to return her Liquid Mosaic Submission and all copies thereof and, correspondingly prohibited Hasbro from retaining any archival copies, then Hasbro's obligation of confidentiality necessarily would continue indefinitely because *a fortiori* Hasbro cannot disclose that to which it no longer has access.

In keeping with the "basic principle of contract law that constructions which render contract terms meaningless should be avoided," this Court should construe the AHC to mean that Hasbro has no has the right to retain Pawelko's submission or, at a minimum, archival copies of

that submission. *Providence Journal Co. v. Providence Newspaper Guild*, 271 F.3d 16, 21 (1st Cir. 2001). Otherwise, the provision in Section 13 that Hasbro's confidentiality obligations cease after two years would be rendered meaningless.

If this Court determines that the AHC contemplates and permits Hasbro to retain archival copies of Pawelko's Liquid Mosaic Submission, Pawelko should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, Mr. Dusenberry's opinions [redacted] would be unnecessary.

Indeed, it is well settled that when an agreement is fully integrated – because it includes a merger clause or an entire agreement clause – parol evidence is not admissible unless the terms of the contract are ambiguous on their face. *See Am. Lease Ins. Agency Corp. v. Balboa Capital Corp.*, 579 F.3d 34, 39–40 (1st Cir. 2009). Indeed the purpose of a merger clause "is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing." *Primex Int'l Corp. v. Wal–Mart Stores, Inc.*, 89 N.Y.2d 594, 657 N.Y.S.2d 385, 679 N.E.2d 624, 627 (1997).

A contract is ambiguous only if the contract, when "read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is 'susceptible of two reasonable interpretations.'" *Gormally Broad. Licenses, LLC v. Charter Commc'n Holding Co., LLC*, No. CV 3:16-30152-MGM, 2017 WL 3131986, at *3 (D. Mass. Feb. 28, 2017). Silence, as well as the absence or omission of a term or phrase from a contract, is insufficient to create an ambiguity, particularly in the context of a fully-integrated contract. *Lyon Dev. Co. v. Bus. Men's Assur. Co. of Am.*, 76 F.3d 1118, 1124 (10th Cir. 1996) ("Silence on a subject does not create an ambiguity within a contract. . . . Because the modification agreement is unambiguous, parol

evidence was not admissible[.]"); *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 126 (S.D.N.Y. 2015) ("Silence, or omission of a term, however, does not generally create ambiguity."); *Henrik Klinge Retained Trust v. Triumph Apparel Corp.*, 2011 WL 98597, at *5 (M.D. Pa. 2011) (granting motion in limine to exclude parol evidence to supply a new term or to create the appearance of an ambiguity in a lease silent on the issue of security deposits); *In re Marianni*, 21 B.R. 228, 233 (Bankr. E.D. Pa. 1982) (holding that when contracts are silent concerning a certain term or subject matter "courts have almost unanimously held that the contract is not ambiguous with regard to the matter; consequently, parol evidence is barred").

Here, the AHC is a fully integrated agreement. Section 11 of the AHC provides:

[redacted]

Exhibit 1 at § 11. Thus, absent an ambiguity, parol evidence from either party should not be admissible to contradict the terms of the AHC. The AHC is not ambiguous, and the absence of express language in the AHC addressing the retention of copies of inventor submissions for archival purposes does not render the AHC ambiguous. *See Lyon Dev. Co.*, 76 F.3d at 1124.

The AHC is (1) a fully integrated contract (2) [redacted] and (3) is not in any way ambiguous, so this Court should rule that neither party is permitted to introduce parol evidence on the issue of archival copies. More specifically, Pawelko should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions (including Pawelko's submission) was in some way improper and, in that case, Mr. Dusenberry's opinions regarding [redacted] would be unnecessary.

### B. If the Court Concludes the AHC Does Not Address Whether Hasbro Was Permitted to Retain Archival Copies, Mr. Dusenberry's Opinions are Relevant.

Notwithstanding the foregoing, if this Court concludes that the AHC does not address whether Hasbro was permitted to retain archival copies or that the AHC is ambiguous on that issue, this Court should deny Pawelko's Motion as it relates to Mr. Dusenberry's opinion that, [redacted]

As this Court recognized in its Industry Standards Order, "[t]he [AHC] governs the obligations between the parties – not 'industry standards' that are not in the [AHC]." Industry Standards Order (Doc. 242) at 4. This is because "Ms. Pawelko and Hasbro bargained for the rights and obligations in [the AHC]." *Id.* If this Court concludes that Ms. Pawelko and Hasbro did not bargain for any rights or obligations related to whether Hasbro was permitted to retain

archival copies and, consequently, that the AHC does not address whether Hasbro was permitted to retain archival copies, then under this Court's Industry Standard's Order, testimony from Mr. Dusenberry [redacted] would be relevant. *See id*. Similarly, if this Court concludes that the AHC is ambiguous on the issue of whether Hasbro was permitted to retain archival copies, then parol evidence on that issue would be admissible. *See Am. Lease Ins. Agency Corp.*, 579 F.3d at 39–40. Consequently, testimony from Mr. Dusenberry [redacted] would be relevant and admissible.

### III. For the Avoidance of Any Doubt, In View of this Court's Industry Standard's Order, this Court Should Strike Certain Paragraphs in Each of the Parties' Expert Reports.

Pawelko's Motion underscores the fact that the parties have varying interpretations of the effect of the Court's Industry Standard Order. For the avoidance of any doubt as the parties prepare for trial, Hasbro respectfully requests that, in accordance with the Court's Industry Standards Order, the Court expressly rule that the following paragraphs in the parties' respective experts' reports are stricken and that both parties' experts are precluded from offering opinions on industry standards related to those subjects:

**Ms. Mills-Winkler's Amended Report**[6]

| | **Comments** |
|---|---|
| Point heading III(A) in the TOC | Point heading III(A) in Ms. Mills-Winkler's Table of Contents concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| Point heading | Point heading III(B) in Ms. Mills-Winkler's Table of Contents concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |

[6] A copy of Ms. Mills-Winkler's Amended Report, which has been highlighted to denote the portions that should be stricken in accordance with the Court's Industry Standards Order, is attached hereto as Exhibit 11.

| | |
|---|---|
| III(B) in the TOC | |
| ¶ 16 | Sentences 1, 2, 3 and 4 of Paragraph 16, which concern industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| Point heading III(A) | Point heading III(A) in Ms. Mills-Winkler's Amended Report concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 18 | The last sentence of Paragraph 18, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 19 | Paragraph 19, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 21 | Paragraph 21, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 22 | Point Heading B, which reads "[redacted] and Paragraph 20, which follows, concern industry standards related to confidentiality and should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 26 | Paragraph 26, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 27 | To the extent the opinions expressed in Paragraph 27 are read to refer back to the industry standard discussed in Paragraph 26, it should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 28 | That portion of Paragraph 28 pertaining to industry standards related to confidentiality should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 29 | To the extent the opinions expressed in the third sentence of Paragraph 29 concern industry standards related to confidentiality, they should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 30 | The first eight sentences of Paragraph 30, which concern industry standards related to limiting exposure to an invention, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 31 | Paragraph 31, which concerns industry standards related to limiting exposure to an invention, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 32 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying [redacted], then Paragraph 32 of Ms. Mills-Winkler's Amended Report, [redacted], should be stricken. Ms. Mills-Winkler's opinions [redacted] are barred by this Court's Industry Standards Order because the AHC specifies who Hasbro may communicate with regarding Pawelko's Liquid |

| | |
|---|---|
| | Mosaic Submission. If Ms. Mills-Winkler's opinions are barred, Mr. Dusenberry's rebuttal opinion on that issue is unnecessary. *See supra* § 1(A). |
| ¶ 33 | Paragraph 33, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 43 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then the first two sentences of Paragraph 43 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 44 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then Paragraph 44 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 45 | The last sentence of Paragraph 45, which concerns industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 46 | Those portions of the second sentence and the third sentence of Paragraph 46, which concern industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. In addition, if this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then the last sentence of Paragraph 46 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 47 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then the language "and the invention goes back to the inventor" in Paragraph 47 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 49 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then the third through sixth sentences of Paragraph 49 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 50 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then the last sentence of Paragraph 50 of Ms. Mills-Winkler's Amended Report should be stricken. *See supra* § II(A). |
| ¶ 52 | The second sentence and that portion of the last sentence of Paragraph 52 which concern industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 53 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying t[redacted], then Paragraph 53 of Ms. Mills-Winkler's Amended Report, addressing [redacted], should be stricken. Ms. Mills-Winkler's opinions on [redacted] are barred by this Court's Industry Standards Order because the AHC specifies who Hasbro may communicate with regarding Pawelko's Liquid Mosaic Submission. If Ms. Mills-Winkler's opinions are barred, Mr. Dusenberry's rebuttal opinion [redacted] is unnecessary. *See supra* § 1(B). |

| | |
|---|---|
| ¶ 54 | The fourth sentence, to the extent it references "standard procedures" related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |
| ¶ 55 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying that [redacted], then Paragraph 55 of Ms. Mills-Winkler's Amended Report, addressing [redacted], should be stricken. Ms. Mills-Winkler's opinions on [redacted] are barred by this Court's Industry Standards Order because the AHC specifies who Hasbro may communicate with regarding Pawelko's Liquid Mosaic Submission. If Ms. Mills-Winkler's opinions are barred, Mr. Dusenberry's rebuttal opinion on that issue is unnecessary. *See supra* § 1(A). |
| ¶ 56 | The third, fourth and fifth sentences of Paragraph 56, which concern industry standards related to confidentiality, should be stricken pursuant to this Court's Industry Standards Order. |

**Ms. Rosenblum's Amended Report:**[7]

| | **Comments** |
|---|---|
| ¶ 45 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then Paragraph 45 of Ms. Rosenblum's Amended Report should be stricken. *See supra* § II(A). |

**Mr. Dusenberry's Report:**[8]

| | **Comments** |
|---|---|
| ¶ 16 | In view of the Court's Industry Standards Order, Paragraph 16 is now unnecessary because the Court has ruled, as a matter of law, that the AHC controls. |
| ¶ 21 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying [redacted], then Hasbro understands that the last sentence of Paragraph 21 of Mr. Dusenberry's Report, setting forth [redacted], has been stricken pursuant to this Court's Industry Standards Order. *See supra* § 1(B). |

[7] A copy of Ms. Rosenblum's Amended Report, which has been highlighted to denote the portions that should be stricken in accordance with the Court's Industry Standards Order, is attached hereto as Exhibit 14.

[8] A copy of Mr. Dusenberry's Report, which has been highlighted to denote the portions that Hasbro understands should be stricken in accordance with the Court's Industry Standards Order and the principles addressed in this memorandum, is attached hereto as Exhibit 12.

| | |
|---|---|
| ¶ 23 | If this Court concludes that, under the AHC, Hasbro was permitted to retain archival copies, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, the opinions set forth in Paragraph 23 of Mr. Dusenberry's Report are unnecessary. *See supra* § II(A). |
| ¶ 56 | In view of the Court's Industry Standards Order, Paragraph 16 is now unnecessary because the Court has ruled, as a matter of law, that the AHC controls. |
| ¶ 67 | Hasbro understands that Paragraph 67, which concerns industry standards related to confidentiality, has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 68 | Hasbro understands that the first two sentences in Paragraph 68, which concern industry standards related to confidentiality, have been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 93 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying t[redacted], then Hasbro understands that Paragraph 93 of Mr. Dusenberry's Report, [redacted] (and the corresponding point heading on page 22 of his Report), will be stricken. *See supra* § 1(A). |
| ¶ 102 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying that [redacted], then Hasbro understands that the portion of Paragraph 102 of Mr. Dusenberry's Report, [redacted], will be stricken. *See supra* § 1(A). |
| ¶ 103 | If this Court concludes that, under the AHC, Hasbro had no obligation to return Pawelko's Liquid Mosaic Submission, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, the opinions set forth in Paragraph 103 of Mr. Dusenberry's Report are unnecessary. *See supra* § II(A). |
| ¶ 108 | If this Court concludes that, under the AHC, Hasbro was permitted to retain archival copies, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, the opinions set forth in Paragraph 108 of Mr. Dusenberry's Report are unnecessary. *See supra* § II(A). |
| ¶ 109 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying t[redacted] |

| | |
|---|---|
| | [redacted], then Hasbro understands that the fourth sentence in Paragraph 109 of Mr. Dusenberry's Report, setting forth t[redacted], has been stricken pursuant to this Court's Industry Standards Order. *See supra* § 1(B). In addition, if this Court concludes that, under the AHC, Hasbro was permitted to retain archival copies, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, the last sentence of Paragraph 109 of Mr. Dusenberry's Report are unnecessary. *See supra* § II(A). |
| ¶ 110 | Hasbro understands that Paragraph 110, which concerns industry standards related to confidentiality, has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 112 | Hasbro understands that Paragraph 112, which concerns industry standards related to confidentiality, has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 113 | Hasbro understands that the fourth sentence of Paragraph 112, which concerns industry standards related to confidentiality, has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 114 | Hasbro understands that to the extent Paragraph 114 concerns industry standards related to confidentiality, that portion related to such industry standards has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 115 | Hasbro understands that to the extent Paragraph 115 concerns industry standards related to confidentiality, that portion related to such industry standards has been stricken pursuant to this Court's Industry Standards Order. |
| Point heading 6 on page 33 | Hasbro understands that to the extent point heading 6 concerns industry standards related to confidentiality, that portion related to such industry standards has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 116 | Hasbro understands that to the extent Paragraph 116 concerns industry standards related to confidentiality, that portion related to such industry standards has been stricken pursuant to this Court's Industry Standards Order. |
| ¶ 153 | In view of the Court's Industry Standards Order, Paragraph 16 is now unnecessary because the Court has ruled, as a matter of law, that the AHC controls. |
| ¶ 156 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying [redacted], then Hasbro understands that Paragraph 156 of Mr. Dusenberry's Report will be stricken. *See supra* § 1(A). |
| ¶ 158 | If this Court accepts Pawelko's argument that Mr. Dusenberry should be precluded from testifying that [redacted], then Hasbro understands that the last sentence of Paragraph 158 of Mr. Dusenberry's |

| | |
|---|---|
| | Report, setting forth [redacted], has been stricken pursuant to this Court's Industry Standards Order. *See supra* § 1(B). |
| ¶ 160 | If this Court concludes that, under the AHC, Hasbro was permitted to retain archival copies, then Pawelko's counsel should be precluded from suggesting through its examination of Hasbro's witnesses that Hasbro's retention of archival copies of inventor submissions was in some way improper and, in that case, the last sentence of Paragraph 160 of Mr. Dusenberry's Report is unnecessary. *See supra* § II(A). |

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule Cv 7(c), Hasbro respectfully requests that this Court hear oral argument on this Motion during the hearing scheduled for May 13, 2019 or, if additional time is necessary, at such other time that is convenient for the Court.

Dated: April 30, 2019

HASBRO, INC.
By its attorneys,

/s/ Nicole J. Benjamin
John A. Tarantino (#2586)
Joseph Avanzato (#4774)
Nicole J. Benjamin (#7540)
Leslie D. Parker (#8348)
Jamie J. Bachant (#8800)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
javanzato@apslaw.com
nbenjamin@apslaw.com
lparker@apslaw.com
jbachant@apslaw.com

**Certificate of Service**

I hereby certify that on April 30, 2019, I filed the within through the ECF system and that notice will be sent electronically to the below listed counsel who are registered participants identified on the mailing information for Case No. 16-201.

Jonathan W. Fitch
Nathalie K. Salomon
Ryan M. Cunningham
Fitch Law Partners LLP
One Beacon Street
16th Floor
Boston, MA 02108
jwf@fitchlp.com
nks@fitchlp.com
rmc@fitchlp.com

Lisa Borodkin
2009 Clark Lane B
Redondo Beach, CA 90278
lisa@lisaborodkin.com

/s/ Nicole J. Benjamin